GARRISON, Judge.
In Vicknair, et al v. Hibernia, 479 So.2d 904, (La.,1985); the Louisiana Supreme Court reversed this court’s decision, finding as follows:
(1) that the filing requirement of C.C.P. art. 2133 does not bar or preclude appellate review of the fault of a trial-level party in multiparty litigation, where the trial-level party is no longer a party on appeal by virtue of the fact that the judgment below dismissing that party was not appealed (p. 4);
(2) that the trial-level party, Hibernia, was at fault (p. 6); and
(3) that the exception of prescription was without merit (p. 10).
The Supreme Court further stated:
“The remaining issue is whether the amount of damages awarded in favor of plaintiffs and against Broadmoor was proper. The court of appeal has not decided this issue. We consider it more appropriate to remand the case to that court for it to determine the amount of plaintiffs’ recovery.” (p. 10).
The trial court originally granted judgment in favor of Floyd Vicknair in the sum of $5,980.00, in favor of Beverly Vicknair in the sum of $5,000.00, and in favor of Floyd Vicknair as the Administrator of and for the Use and Benefit of his minor son, Eric, *97 the sum of $50,000.00, all against the defendant Broadmoor Corp., together with legal interest from judicial demand until paid and for all costs, including four expert fees of $250.00 each taxed as costs.
The $5,980.00 awarded to Floyd Vicknair represents medical bills. The $5,000.00 to Beverly Vicknair is for the physical and emotional distress she incurred. While these awards are on the low end of the spectrum, they are not as low as to constitute a clear abuse of discretion.
Finally, the award of $50,000.00 to Eric Vicknair is justified. Eric Vicknair was born at 34 weeks, weighing 4 lbs. 4 ozs., cyanotic (blue) and requiring resuscitation. In a sense, he was born dying. He was somewhat stabilized and within the hour was transferred to the neonatal intensive care unit at Oschner Hospital for several days. He was then transferred back to Lakeside Hospital for several weeks.
Because final lung development occurs in the last weeks of gestation, Eric’s premature delivery appears to have interrupted that process. Dr. Daniel Beacham testified that infants born with Respiratory Distress Syndrome have an unusually high instance of respiratory problems later in life, including Hyaline’s Membrane Disease. Typically, Eric developed Hyaline’s. He is unusually susceptible to respiratory infections, having had 75 visits for respiratory medical treatments from 1978 through 1982. He has difficulty breathing and makes a rasping mucus sound in the lungs. His difficulty in breathing interferes not only with every action of his daily waking existence, but also with sleep itself. He is asthmatic and cannot run and play ball with other little boys, so that he is denied an important aspect of socialization and the company of his peers. His repeated illnesses result in a loss of school time and slows his intellectual progress as well. Thus, upon a full and independent evaluation of the evidence and testimony presented, we cannot conclude that the trier of fact clearly abused its discretion in the amount awarded.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.